UNITED STATES of America, Plaintiff,

v.

MISSISSIPPI VOCATIONAL REHABIL-ITATION FOR THE BLIND and The State of Mississippi, Defendants.

MISSISSIPPI VOCATIONAL REHA-BILITATION FOR THE BLIND, Counterclaimant,

v.

Roy S. ESTESS, in his official capacity as Director of the John C. Stennis Space Center of the National Aeronautics and Space Administration; Admiral Rich-ard H. Truly, and his official capacity as the Administrator of the National Aeronautics and Space Administration; and The National Aeronautics and Space Administration, Counterdefen-dants.

Civ. A. No. S90–0494(R).

United States District Court,
S.D. Mississippi, S.D.

June 24, 1992.
Memorandum Order Dec. 8, 1992.

Gretchen E. Jacobs, Leslie Southwick, Dept. of Justice, Civ. Div., Federal Programs Branch, Washington, DC, Crockett Lindsey, Asst. U.S. Atty., Biloxi, MS, for plaintiff and counterdefendants.

T. Hunt Cole, Jr., Sp. Asst. Atty. Gen., Mississippi Atty. General's Office, Jackson, MS, for defendants and counterclaimants.

## FINAL JUDGMENT

DAN M. RUSSELL, Jr., District Judge.

In accordance with this Court's opinion and Memorandum Order of May 22, 1992, 794 F.Supp. 1344, and pursuant to Fed. R.Civ.P. Rule 58, and the Court, having considered the proposed final judgments of each of the parties, final judgment is hereby entered as follows:

Pursuant to said Memorandum Order, it is THEREFORE, ORDERED, ADJUDGED AND DECREED:

1. The complaint of plaintiff United States against defendant Mississippi Vocational Rehabilitation for the Blind (MVRB) is finally dismissed.

2. Judgment is hereby entered in favor of MVRB on its counterclaim in part, and it is ordered that the arbitration panel decision in favor of MVRB be, and hereby is, confirmed as final and binding upon counterdefendants National Aeronautics and Space Administration (NASA), the Administrator of NASA, and Roy S. Estess in his official capacity as Director of the Stennis Space Center of NASA. It is further declared that MVRB has priority and entitlement to a permit for operation of the subject vending machines at the Stennis Space Center by blind licensees. It is further ordered that counterdefendants NASA, the Administrator of NASA, and Director Estess are hereby directed to recognize the priority of MVRB for such permit, upon the submission or resubmission of an appropriate and timely application. Furthermore, the Court does not include in this judgment, as proposed by NASA, a provision that the parties should agree on "reasonable terms" regarding commissions/percentages before a permit should issue, since as set forth in the arbitrator's decision, incorporated herein by reference, income sharing is not an alternative NASA may choose over granting a properly requested permit.

3. It is ordered that the further relief sought in MVRB's counterclaim is hereby denied insofar as the counterclaim seeks to compel NASA counterdefendants to terminate the existing concessionaire agreement prior to its expiration in July 1992, and insofar as it seeks a second phase hearing on its demand for prospective monetary relief.

4. It is further declared that (a) contrary to the claim of NASA and the United States, the Randolph–Sheppard Act's arbitration scheme for disputes between federal entities and State licensing agencies is constitutional, and (b) the arbitration panel exceeded its remedial authority under 20 U.S.C. Section 107d–2(b)(2) by ordering NASA to terminate the existing concessionaire agreement prior to its expiration in July 1992 in favor of a Randolph–Sheppard blind vending permit on behalf of MVRB.

SO ORDERED AND ADJUDGED.

## MEMORANDUM ORDER

This cause is before this Court on Motion of the plaintiff, the United States of America, and counterdefendants Roy S. Estess, Admiral Richard H. Truly, and the National Aeronautics and Space Administration ("NASA") (hereinafter collectively referred to as the "United States"), to Amend Final Judgment.

Pursuant to Fed.R.Civ.P. 59(e), the United States moves this Court to alter or amend its Final Judgment (filed June 25, 1992) on the grounds that: (1) the NASA–MVRB arbitration panel was not convened to determine, and therefore did not determine, what constitutes reasonable and appropriate terms and conditions for MVRB's Randolph–Sheppard permit; (2) statutorily-

mandated income-sharing between private commercial vendors and blind vendors and/or their state licensing agencies ("SLAs") pursuant to 20 U.S.C. Section 107d–3 bears no relationship to a federal agency's ability to negotiate reasonable permit terms with a Randolph–Sheppard permit applicant; and (3) neither the Randolph–Sheppard Act nor its implementing regulations preclude NASA from negotiating with MVRB for the payment of reasonable commissions to the NASA Exchange to help support the Exchange's congressionally-authorized welfare and morale activities for NASA employees. The United States submits in its motion that these issues have not been previously briefed by the parties.

The Court has reviewed the United States' motion as set forth herein, but would point out that if these issues had not been previously raised, now would not be the proper time to do so.

The United States asks this Court to alter or amend that part of its June 25, 1992, Final Judgment entered in this cause, which precluded NASA from negotiating reasonable terms and conditions from MVRB's permit on the ground that "as set forth in the arbitrator's decision ... income sharing is not an alternative NASA may choose over granting a properly requested permit." *Final Judgment* of June 25, 1992, p. 2.

The United States submits that it does not seek to challenge the Court's central finding of MVRB's priority and prospective entitlement to a permit for the operation of the scattered vending machines at the Stennis Space Center. Rather, the United States asserts that the Randolph–Sheppard permit process allows for the negotiation of reasonable terms concerning prices and vending operations, so long as such terms do not otherwise compromise MVRB's priority by making it prohibitively costly or burdensome to operate the vending machines at issue. Moreover, the United States asserts that the arbitration panel did not hold to the contrary.

As stated by the MVRB, this Court's Final Judgment entered in this cause on June 25, 1992, expressly confirmed as final and binding the arbitration panel award in issue being in favor of MVRB, stating "that MVRB has priority and entitlement to a permit for the operation of the subject vending machine by blind licensees." Final Judgment at p. 2. It further directed, *inter alia*, that NASA "recognize the priority of MVRB for such permit," and it specifically rejected NASA's argument that MVRB's entitlement to a permit could be conditioned upon the negotiation of a "commission" from the blind vendor. The Court held:

> Furthermore, the Court does not include in this judgment, as proposed by NASA, a provision that the parties should agree on "reasonable terms" regarding commissions/percentages before a permit should issue, since as set forth in the arbitrators' decision, incorporated herein by reference, income sharing is not an alternative NASA may choose over granting a properly requested permit.

*Id.*

NASA now seeks in its Motion to have a final judgment entered which would condition granting a permit and MVRB's exercise of its priority upon the payment of some negotiated commission from the blind vendor's income. This issue was previously raised. NASA put forward this argument prior to final judgment in its "Response to Proposed Final Judgment," dated June 11, 1992, where NASA argued for language in the judgment which would incorporate "NASA's ability to negotiate with MVRB for reasonable and 'appropriate' terms for a Randolph–Sheppard Act permit (*e.g.*, the payment of a reasonable commission to the NASA Exchange.)" This Court rejected this argument. Again, if NASA had other arguments, it should have done so prior to the entry of the judgment.

As MVRB notes in its letter of June 16, 1992, to the Court prior to entry of judgment, MVRB opposed NASA's effort to undercut the relief to which MVRB was entitled. (A copy of said letter shall be made a part of the Court file). MVRB pointed out in said letter that the payment of commissions or income sharing was not

required if MVRB had legal priority to the vending site under the Randolph–Sheppard Act in issue.

Such a modification as requested by NASA to the judgment regarding income sharing was previously rejected by this Court when it held that under the arbitration panel decision the payment of a percentage commission or "income sharing" with NASA is not required as part of MVRB's entitlement and priority to a permit. In ultimately finding that MVRB on behalf of its blind vendors has a right to priority to operate the machines, the arbitration panel specifically stated, *inter alia*, that "[i]f MVRB obtains the right for a blind vendor to operate the vending machines by permit, *the blind vendor makes no payment to the Exchange.*" Arbitration Decision at p. 4. (emphasis supplied). The Arbitration Decision resolved that question of priority and entitlement to a permit in favor of MVRB, as has this Court. The fact that if legal priority is established, the blind vendor "makes no payment to the Exchange," was the whole reason for NASA's opposition to MVRB's claim to priority to the site in question in the arbitration. Again, as stated by the Arbitration Panel, "income sharing is not an alternative an agency may choose over granting a properly requested permit." Arbitration Decision at p. 18.

The three grounds raised by NASA in order for this Court to amend or alter its final judgment are not persuasive to warrant the granting of such relief.

Firstly, NASA submits that the NASA–MVRB Arbitration Panel decision necessarily provides as terms for MVRB's Randolph–Sheppard permit. NASA submits that the panel was not convened by the Department of Education to adjudicate, nor did it request that the parties adjudicate, the propriety of negotiated permit terms, including commissions, in the context of the NASA–MVRB permit.

However, the arbitration decision did provide "terms" for a permit, including the site, the type, location, and size of facility, and the lack of income sharing, were determined in the binding arbitration decision;

the "other terms" to be in the permit consist of the required incorporation of certain federal regulations, and the "effective date" of July 1992. Under the circumstances, the issuance of the permit is merely a ministerial task. NASA's similar assertion that the "commission issue" was not before the arbitration panel ignores the fact that the arbitration panel explicitly ruled that "if MVRB obtains the right for a blind vendor to operate the vending machines by permit, the blind vendor makes no payment to the Exchange," (Arbitration Decision at p. 4).

This Court agrees with MVRB that NASA, having lost on the issue of statutory priority in the arbitration, it cannot now be heard to argue for conditions on a permit which would undermine that priority.

Secondly, NASA submits that income-sharing, pursuant to 20 U.S.C. Section 107d–3, bears no relationship to the Negotiability of Randolph–Sheppard permit terms.

NASA submits that in finding that NASA is precluded from negotiating commissions as part of MVRB's permit because "income sharing is not an alternative NASA may choose over granting a properly requested permit," the Court also confused two separate and distinct Randolph–Sheppard issues—the applicability of statutory income-sharing pursuant to 20 U.S.C. Section 107d–3 and the ability of federal entities to negotiate reasonable terms and operating conditions (such as commissions) for blind vending permits. NASA submits these two issues are completely unrelated.

This Court is in agreement with the MVRB that NASA's assertion that the Court in its judgment has "confuse[d]" the concept of "income sharing" and the payment of a commission, Memorandum at p. 3, is patently without merit. Regardless of whether there is another technical meaning of "income sharing" which may be used under the Randolph–Sheppard Act in some circumstances, the Court's final judgment makes it clear in context that the Court rejects in this case the payment of a monetary commission or fee by a blind vendor to NASA as a prerequisite or precondition for

the exercise of MVRB's priority by permit. This Court's judgment explicitly refers to terms regarding "commissions/percentages," Judgment at p. 2, and rejects NASA's assertion that agreement must be reached on such terms before a permit should issue under the circumstances and posture of this case.

Thirdly, NASA submits that both the Randolph–Sheppard Act and its implementing regulations support the negotiability of permit terms. NASA submits that allowing reasonable commissions to be negotiated as part of MVRB's Randolph–Sheppard permit would be fully consistent with both the letter and spirit of said act. As support for the negotiability of reasonable commissions, NASA points the Court to the following: (a) a letter from a Department of Education official, written at the request of counterdefendant Roy Estess, which discusses the language and legislative purposes underlying the Act's priority provisions, in which he determines that the Act does not preclude NASA from negotiating permit terms, including reasonable commissions; and (b) a slip opinion dated July 31, 1991, regarding a Minnesota arbitration decision from the U.S. Department of Education between two parties, the Minnesota Department of Jobs and Training, Services for the Blind and Physically Handicapped, and the Department of Veterans Affairs, Case No. R–S187–8. NASA submits that this is one arbitration panel decision which supports the negotiability of reasonable commissions as part of blind vending permits. In said case, the Department of Education convened an arbitration panel to adjudicate, *inter alia*, whether a Randolph–Sheppard vending agreement between the Veterans Canteen Service of the Veterans Administration and the Minnesota SLA properly contained a commission provision requiring the blind vendor to remit a percentage of gross vending sales to the Canteen Service. Slip op. at 9, 15–16.

The Minnesota panel determined that a commission in that situation was permissible under the Act, since the Veterans Canteen Service had a long-standing tradition of commissions in vending agreements, and, with respect to blind vending interests, "[t]he priority requirement of the Act is met when a prior right or an opportunity exists for a licensed blind person to operate a vending facility." *Id.* at 16.

That one authority is clearly distinguishable from the case *sub judice*. There is no long-standing tradition of commissions between the parties in this cause, and such authority does not support an amendment to the Final Judgment entered herein.

As this Court held in its Judgment, the arbitration panel decision is "final and binding" upon NASA, Judgment at p. 1, and it is not subject to judicial review or relitigation in federal court. NASA has not on this motion to amend the judgment pointed to any error or abuse of decision committed by the Court in holding the arbitration decision as "final and binding," and accordingly, there is no meritorious basis whatsoever for NASA's motion to amend the judgment.

NASA's demand that the Court modify the judgment to allow NASA to negotiate and obtain some monetary concession on some percentage basis from a blind vendor before a permit may be granted is not only contrary to the arbitration award and this Court's decision, but would also effectively nullify the priority entitlement for a blind vendor to operate and earn income from all of the machines found to constitute a feasible site in the binding arbitration.

IT IS THEREFORE ORDERED AND ADJUDGED that the Motion of the plaintiff, the United States of America, and counterdefendants Roy S. Estess, Admiral Richard H. Truly, and the National Aeronautics and Space Administration to Amend Final Judgment is hereby DENIED, and this Court's Final Judgment of June 25, 1992, shall be the Final Judgment of this Court.

SO ORDERED AND ADJUDGED.